United States District Court

Eastern District of California

Michael A. Trahan,

    Plaintiff,                      No. Civ. S 04-1371 GEB PAN P

  vs.                                Findings and Recommendations

Stockton Police Dept., et al.,

    Defendants.

-oOo-

    Plaintiff is a state prisoner prosecuting a civil rights action. The complaint alleges defendant police officers Grauiette and O'Reilly "made contact" with plaintiff while on patrol, O'Reilly pushed plaintiff to the ground and the car rolled over plaintiff after Grauiette got out of the car to assist O'Reilly.

    June 22, 2005, defendants moved to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(1). Plaintiff did not oppose.

1    In considering a motion to dismiss pursuant to Fed. R. Civ.
2 P. 12(b)(6), the court must accept plaintiff's allegations as
3 true, read the complaint most favorably to plaintiff, give
4 plaintiff the benefit of every reasonable inference that appears
5 from the pleading and argument of the case and dismiss the
6 complaint only if it is clear that no relief could be granted
7 under any set of facts that could be proved consistent with the
8 allegations.  Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963);
9 Retail Clerks International Association, Local 1625, AFL-CIO v.
10 Schermerhorn, 373 U.S. 746, 754 n.6 (1963); Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984).  The court may consider
12 documents attached to the complaint in evaluating a motion to
13 dismiss.  Parks School of Business, Inc. v. Symington, 51 F.3d
14 1480, 1484 (9th Cir. 1995).
15    To state a claim of a Fourth Amendment violation in
16 connection with the use of force in making an arrest, a plaintiff
17 must allege the force defendants used was excessive under the
18 circumstances.  See McKenzie v. Lamb, 738 F.2d 1005 (9th Cir.
19 1984); see also Saucier v. Katz, 533 U.S. 194 (2001) (allegations
20 that police officer shoved plaintiff, who was protesting the vice
21 president's speech at the Presidio, into a van did not overcome a
22 defense of qualified immunity).  The complaint herein fails to
23 state a claim under the Fourth Amendment.  To state a claim on
24 the ground executive action violated the due process clause, a
25 plaintiff must allege the behavior of a governmental officer was
26 so egregious and outrageous as to shock the contemporary

1  conscience.  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998);
2  <u>Wood v. Ostrander</u>, 879 F.2d 583 (9th Cir. 1989) (mere negligence
3  by a state official does not trigger the protections of the
4  Fourteenth Amendment and thus would not state a claim under §
5  1983).  The pleading fails to state a claim under the due process
6  clause.
7      Defendants' motion is well taken and the court deems
8  plaintiff's failure to oppose it as a concession it has merit.
9      Accordingly, the court hereby recommends defendants' June
10 22, 2005, motion to dismiss be granted and this action be
11 dismissed for failure to state a claim upon which relief could be
12 granted.
13     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
14 findings and recommendations are submitted to the United States
15 District Judge assigned to this case.  Written objections may be
16 filed within 20 days of service of these findings and
17 recommendations.  The document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  The district
19 judge may accept, reject, or modify these findings and
20 recommendations in whole or in part.
21     Dated:  February 7, 2006.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge